UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NATIONAL TOBACCO COMPANY, L.P., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 11-00388 |
| | * | <u>JURY TRIAL DEMANDED</u> |
| DISTRICT OF COLUMBIA, | * | |
| | * | |
| Defendant. | * | |
| | * | |

## **ANSWER**

Defendant the District of Columbia ("District"), by and through undersigned counsel, answers the numbered paragraphs of Plaintiff's Complaint as follows:

The introductory paragraph of the complaint consists of Plaintiffs' factual characterizations and legal conclusions. As such, no response is required. To the extent an answer is required, the District denies its allegations.

<u>Jurisdiction and Venue Allegations</u>

1. Par. 1 states a legal conclusion to which the District is not required to respond; refer to the cited provisions of law for a full and accurate statement of their contents and requirements.

2. Par. 2 states a legal conclusion to which the District is not required to respond; refer to the cited provisions of law for a full and accurate statement of their contents and requirements.

<u>Parties Allegations</u>

3. The District is without knowledge or information sufficient to form a belief as to the truth of the allegations in Par. 3, and therefore denies them.

4. The District admits that the District of Columbia is the Seat of the Government of the United States. The remainder of Par. 4 states a legal conclusion to which the District is not required to respond; refer to the cited provisions of law for a full and accurate statement of their contents and requirements.

Facts Giving Rise to Plaitnif's [sic] Claim for Relief Allegations

5. The District is without knowledge or information sufficient to form a belief as to the truth of the allegations in Par. 5, and therefore denies them.

6. The District is without knowledge or information sufficient to form a belief as to the truth of the allegations in Par. 6, and therefore denies them.

7. The District is without knowledge or information sufficient to form a belief as to the truth of the allegations in Par. 7, and therefore denies them.

8. The District is without knowledge or information sufficient to form a belief as to the truth of the allegations in Par. 8, and therefore denies them.

9. The District denies that Bill 14-0428 was the Prohibition Against Selling Tobacco Products to Minors Amendment Act of 2010, but admits the remainder of the allegations in Par. 9.

10. Par. 10 states a legal conclusion to which the District is not required to respond; refer to the cited provisions of law for a full and accurate statement of their contents and requirements.

11. The District admits the statutory reference cited in Par. 11.

12. The District admits the statutory reference cited in Par. 12.

13. The District admits the statutory reference cited in Par. 13.

14. The District admits the statutory reference cited in the first sentence of Par. 14. The remainder of Par. 14 states a legal conclusion to which the District is not required to respond; refer to the cited provisions of law for a full and accurate statement of their contents and requirements.

15. The District denies that Mayor Adrian Fenty declined to sign Bill 14-0428. The District is without knowledge or information sufficient to form a belief as to the truth of the other allegations in Par. 15, and therefore denies them.

16. Par. 16 states a legal conclusion to which the District is not required to respond; refer to the cited provisions of law for a full and accurate statement of their contents and requirements.

17. Par. 17 states a legal conclusion to which the District is not required to respond; refer to the cited provisions of law for a full and accurate statement of their contents and requirements.

18. Par. 18 states a legal conclusion to which the District is not required to respond; refer to the cited provisions of law for a full and accurate statement of their contents and requirements.

19. Par. 19 states a legal conclusion to which the District is not required to respond; refer to the cited provisions of law for a full and accurate statement of their contents and requirements.

20. Par. 20 states a legal conclusion to which the District is not required to respond; refer to the cited provisions of law for a full and accurate statement of their contents and requirements.

21. Par. 21 states a legal conclusion to which the District is not required to respond; refer to the cited provisions of law for a full and accurate statement of their contents and requirements. To the extent a response to Par. 21 is required, the District is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and therefore denies them.

22. The District admits the statutory reference cited in Par. 22. The remainder of Par. 22 states a legal conclusion to which the District is not required to respond; refer to the cited provisions of law for a full and accurate statement of their contents and requirements.

23. Par. 23 states a legal conclusion to which the District is not required to respond; refer to the cited provisions of law for a full and accurate statement of their contents and requirements.

## COUNT I

24. The District incorporates its responses to Pars. 1-23 of Plaintiff's Complaint as if fully set forth herein.

25. Par. 25 refers to a claim or claims dismissed by order of the Court dated September 14, 2011. To the extent a response to Par. 25 is required, the District denies the allegations therein.

26. Par. 26 refers to a claim or claims dismissed by order of the Court dated September 14, 2011. To the extent a response to Par. 26 is required, the District denies the allegations therein.

27. Par. 27 refers to a claim or claims dismissed by order of the Court dated September 14, 2011. To the extent a response to Par. 27 is required, the District denies the allegations therein.

28. Par. 28 refers to a claim or claims dismissed by order of the Court dated September 14, 2011.  To the extent a response to Par. 28 is required, the District denies the allegations therein.

29. Par. 29 refers to a claim or claims dismissed by order of the Court dated September 14, 2011.  To the extent a response to Par. 29 is required, the District denies the allegations therein.

## COUNT II

30. The District incorporates its responses to Pars. 1-29 of Plaintiff's Complaint as if fully set forth herein.

31. Par. 31 refers to a claim or claims dismissed by order of the Court dated September 14, 2011.  To the extent a response to Par. 31 is required, the District denies the allegations therein.

32. Par. 32 refers to a claim or claims dismissed by order of the Court dated September 14, 2011.  To the extent a response to Par. 32 is required, the District denies the allegations therein.

33. Par. 33 refers to a claim or claims dismissed by order of the Court dated September 14, 2011.  To the extent a response to Par. 33 is required, the District denies the allegations therein.

34. Par. 34 refers to a claim or claims dismissed by order of the Court dated September 14, 2011.  To the extent a response to Par. 34 is required, the District denies the allegations therein.

35. Par. 35 refers to a claim or claims dismissed by order of the Court dated September 14, 2011.  To the extent a response to Par. 35 is required, the District denies the allegations therein.

## COUNT III

36. The District incorporates its responses to Pars. 1-35 of Plaintiff's Complaint as if fully set forth herein.

37. The District admits the statutory reference cited in Par. 37.  The remainder of Par. 37 states a legal conclusion to which the District is not required to respond; refer to the cited provisions of law for a full and accurate statement of their contents and requirements.

38. The District denies the allegations in Par. 38.

39. Par. 39 states a legal conclusion to which the District is not required to respond; refer to the cited provisions of law for a full and accurate statement of their contents and requirements.  To the extent a response to Par. 39 is required, the District denies the allegations therein.

40. The District is without knowledge or information sufficient to form a belief as to the truth of the allegations in Par. 40, and therefore denies them.

41. Par. 41 states a legal conclusion to which the District is not required to respond; refer to the cited provisions of law for a full and accurate statement of their contents and requirements.  To the extent a response to Par. 41 is required, the District is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and therefore denies them.

42. Par. 42 states a legal conclusion to which the District is not required to respond; refer to the cited provisions of law for a full and accurate statement of their contents and

requirements. To the extent a response to Par. 42 is required, the District denies the allegations therein.

## COUNT IV

43. The District incorporates its responses to Pars. 1-42 of Plaintiff's Complaint as if fully set forth herein.

44. Par. 44 refers to a claim or claims dismissed by order of the Court dated September 14, 2011. To the extent a response to Par. 44 is required, the District denies the allegations therein.

45. Par. 45 refers to a claim or claims dismissed by order of the Court dated September 14, 2011. To the extent a response to Par. 45 is required, the District denies the allegations therein.

46. Par. 46 refers to a claim or claims dismissed by order of the Court dated September 14, 2011. To the extent a response to Par. 46 is required, the District denies the allegations therein.

47. Par. 47 refers to a claim or claims dismissed by order of the Court dated September 14, 2011. To the extent a response to Par. 47 is required, the District denies the allegations therein.

48. Par. 48 refers to a claim or claims dismissed by order of the Court dated September 14, 2011. To the extent a response to Par. 48 is required, the District denies the allegations therein.

## COUNT V

49. The District incorporates its responses to Pars. 1-48 of Plaintiff's Complaint as if fully set forth herein.

50. Par. 50 states a legal conclusion to which the District is not required to respond. To the extent an answer is required, the District denies the allegations in Par. 50.

51. Par. 51 states a legal conclusion to which the District is not required to respond. To the extent an answer is required, the District denies the allegations in Par. 51.

## RELIEF

The District denies that Plaintiff is entitled to any of the relief sought in this action, including, but not limited to, the relief requested in Pars. A-G of Plaintiff's Complaint.

## DEFENSES

Pursuant to Fed. R. Civ. P. 8(c), the District sets forth the following defenses in response to Plaintiff's Complaint:

1. Plaintiff lacks standing to seek the relief requested in its Complaint.

2. Plaintiff's sole remaining claim, arising under the Due Process Clause, U.S. Const. Amend. V, cl. 3, is moot, to the extent it rests on the apparent lack of a clear penalty provision in D.C. Code § 48-1103, which resulted from an inadvertent drafting error that has since been reconciled.

3. At all relevant times, the District acted consistent with applicable laws, rules, regulations, constitutional provisions and standards of care.

## DEFENDANT DEMANDS TRIAL BY JURY

Respectfully Submitted,

IRVIN B. NATHAN
Attorney General for the District of Columbia

ELLEN EFROS
Deputy Attorney General
Public Interest Division

/s/ Grace Graham
GRACE GRAHAM
Chief, Equity I
D.C. Bar No. 472878

/s/ Chad Copeland
CHAD COPELAND
D.C. Bar No. 982119
Assistant Attorney General
441 Fourth Street, N.W., Suite 600S
Washington, D.C. 20001
Phone: (202) 724-6623
Fax: (202) 727-3625
Email: chad.copeland@dc.gov